

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Marc A. Weinstein
Partner
Direct Dial: +1 (212) 837-6460
Direct Fax: +1 (212) 299-6460
marc.weinstein@hugheshubbard.com

February 21, 2025

**VIA ECF & HAND DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Customs and Tax Administration of the Kingdom of Denmark (Skatteforvaltningen) Tax Refund Scheme Litigation*, 18-md-2865 (LAK)[1]

Dear Judge Kaplan:

      We write on behalf of plaintiff Skatteforvaltningen ("SKAT") in response to defendants' February 17, 2025 letter ("Defs. Ltr.," ECF No. 1418) and the Court's February 19, 2025 Order (ECF No. 1420).

      <u>First</u>, there is no merit to defendants' argument that SKAT waived its right to prejudgment interest by not including a "demand" for it in the pretrial order or "ask[ing] the jury to award" it at trial. (Defs. Ltr. at 1-2.) CPLR § 5001(a) provides, in relevant part, that "[i]nterest shall be recovered upon a sum awarded . . . because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property." The statute thus mandates "prejudgment interest as a matter of right in cases of fraud." *New Shows, S.A. de C.V. v. Don King Prods., Inc.*, No. 95 CIV. 8851(RPP), 1999 WL 553780, at *10 (S.D.N.Y. July 29, 1999).[2] And "[i]n light of § 5001(a)'s mandatory nature, courts have held that a plaintiff's failure to pursue his request for prejudgment interest during the trial or even to demand such

---

1. This letter relates to the trial one cases: 19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713.

2. Nor do defendants dispute, setting aside their waiver argument, that SKAT is entitled to prejudgment interest on its fraud and negligent misrepresentation claims under CPLR § 5001(a). (*See generally* ECF No. 1418.)

interest in his complaint does not amount to a waiver of his right to interest." *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 694 (2d Cir. 1983) (internal citations omitted).[3]  Rather, "a party's statutory right to interest can be waived only if the allegedly waiving part[y] clearly manifest[s] [its] intent to do so," which SKAT has not done. *IHG Harlem I LLC v. 406 Manhattan LLC*, 224 A.D.3d 22, 26 (1st Dep't 2024).  The cases on which defendants rely are not to the contrary. (*See* Defs. Ltr. at 1.)  In *Tender Loving Care Homes Inc. v. Reliable Fast Cash LLC* and *Power Up Lending Group, Ltd. v. North American Custom Specialty Vehicles, Inc.*, the courts just noted that the respective plaintiff had waived its right to prejudgment interest, without any explanation of how it had done so.  172 N.Y.S.3d 335, 338 (Sup. Ct. N.Y. Cty. 2022) ("Reliable waived prejudgment interest."); No. 16-CV-1025 (ADS)(AYS), 2017 WL 3475504, at *4 (E.D.N.Y. July 26, 2017) ("Plaintiff has waived . . . prejudgment interest").  And in *J. D'Addario & Co. v. Embassy Industries, Inc.*, the Court of Appeals held that a "sole remedy" provision in the parties' contract providing for liquidated damages in the amount of a "down payment" "placed in an interest-bearing account" was "sufficiently clear" to constitute a waiver of statutory interest.  20 N.Y.3d 113, 118-19 (2012).

   Second, notwithstanding defendants' conclusory argument to the contrary (Defs. Ltr. at 2), SKAT is entitled to statutory interest as a matter of right on its restitution claims too.  CPLR § 5001(a)'s mandatory prejudgment interest "upon a sum awarded because of a breach of performance of a contract," CPLR § 5001(a), extends to contracts implied in law.  *See Isaacs v. Incentive Sys., Inc.*, 52 A.D.2d 550, 551 (1st Dep't 1976) ("The sum awarded below being 'because of a breach of performance of a contract,' albeit a contract implied in law, plaintiff was properly awarded interest on the recover."); *U.S. Fire Ins. Co. v. Fed. Ins. Co.*, 858 F.2d 882, 889 (2d Cir. 1988) (concluding that "the history of § 5001(a) supports the conclusion that a plaintiff who recovers under an implied contract was meant to recover predecision interest as a matter of law").  And SKAT's "cause of action for money had and received," for instance, "is one of quasi-contract or of contract implied in law" to which the statute applies.  *Bd. of Educ. of Cold Spring Harbor Cent. Sch. Dist. v. Rettaliata*, 78 N.Y.2d 128, 138 (1991).[4]  Nor is the matter purely "academic." (Defs. Ltr. at 2 n.2.)  In the event the judgment on SKAT's fraud and negligence claims is reversed on appeal but the judgment on the restitution claims left intact, SKAT should be awarded the prejudgment interest to which it is entitled on its restitution claims too.[5]

---

3. *Accord Stanford Square, L.L.C. v. Nomura Asset Cap. Corp.*, 232 F. Supp. 2d 289, 291 (S.D.N.Y. 2002) ("the cases consistently hold that the prevailing party can not waive its right to prejudgment interest"); *New Shows*, 1999 WL 553780, at *10 ("The failure of a party to request a jury instruction on prejudgment interest, or to object to the absence of such an instruction, does not waive entitlement to prejudgment interest.").

   As defendants acknowledge, SKAT's complaints included a demand for prejudgment interest.  (*See* Defs. Ltr. at 1.)

4. *See also Eighteen Holding Corp. v. Drizin*, 268 A.D.2d 371, 372 (1st Dep't 2000) ("award of pre-judgment interest [on claims for money had and received, unjust enrichment and conversion] was proper").

5. SKAT disagrees with defendants' proposal that the judgments refer to SKAT's "tort claims," rather than "fraud and negligence claims." (Defs. Ltr. at 2 n.1.)  SKAT's position is that the judgments should be clear that they are inclusive of fraud claims.

Third, as to the "amounts of prejudgment interest" and the "date or dates from which any such interest should run," (Feb. 19 Order ¶ 2.a), under CPLR § 5001(b), "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed," but where "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  As such, for its fraud and negligent misrepresentation claims, SKAT computed the prejudgment interest in its proposed judgments from the date each payment at issue was made based on the undisputed evidence introduced at trial, yielding a total of $365,427,007.17.  For the restitution claims where SKAT and the defendants agreed to a negotiated stipulated amount, SKAT computed the interest from the date of the last refund payment made to the plan at issue, yielding a total of $68,258,689.39.  SKAT will discuss with defendants whether the parties can agree on a single reasonable intermediate date from which to compute all prejudgment interest.  (Feb. 19 Order ¶ 2.e.)

Fourth, SKAT, of course, agrees with defendants that they should "be given the full credits to which they are legally entitled." (Defs. Ltr. at 2-3.)  By SKAT's calculation, that amount is $332,564,618.28, adjusted for prejudgment interest on the settlement amounts.  This includes both the aggregate amount of credits to which defendants are entitled under New York General Obligations Law § 15-108 based on SKAT's settlements with the individuals identified in defendants' letter and others, including payment agents and former Solo personnel, and a credit for the amount SKAT collected on its Danish judgment against Bech-Bruun for its participation in the North Channel Bank fraud, which is the only relevant judgment on which SKAT has made any recovery so far.  Because the settlements and the Bech-Bruun judgment relate to damages caused in part by defendants' refund claims and in part by those submitted by others, SKAT allocated accordingly the amounts it has recovered in calculating the credits.  *See, e.g.*, *Barkley v. United Homes, LLC*, 848 F. Supp. 2d 248, 266 (E.D.N.Y. 2012) ("The language of Section 15-108 clearly establishes that a non-settling defendant is entitled to a set-off only when an agreement with a settling defendant is for 'the same injury' alleged against the non-settling defendant.").[6]

Further, the "disagreement" defendants "foresee" "as to how to interpret the scope and import of th[e] settlements" is unlikely to be "irrelevant." (Defs. Ltr. at 3.)  The aggregate credit SKAT calculated based on the amounts it recovered under its settlements with the individuals identified in defendants' letter exceeds their collective 19 percent equitable share of the damages found by the jury.  And credits for the Bech-Bruun judgment and SKAT's settlements with other parties to whom the jury was not asked to assign any fault still need to be fixed in any event.

---

6. SKAT calculated the credit to which defendants are entitled based on the settlements with the individuals identified in defendants' letter using the so-called "aggregation method," whereby "all the settlements" and "all the equitable shares" are aggregated and the credit is "the larger of the two resulting sums."  *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 18 F.3d 126, 129 (2d Cir. 1994); *see also Didner v. Keene Corp.*, 82 N.Y.2d 342, 351 (1993) ("We agree . . . that the aggregate method is preferable.").  Further, in determining the amount of the credit for each settlement at issue, SKAT added interest at the rate of nine percent from the settlement date to February 12, 2025.  *In re Joint E. Dist. & S. Dist. Asbestos Litig.*, 18 F.3d at 132 ("a court should . . . [a]dd to each settlement hypothetical interest at the prejudgment interest rate from the time of the settlement until the time of the judgment").  As SKAT noted in its February 12, 2025 letter (ECF No. 1417), SKAT is willing to provide updated calculations based on prejudgment interest adjusted to accrue through the date of the entry of the judgments at the Court's convenience.

SKAT has disclosed the aggregate credit to defendants, but the settlement agreements include confidentiality provisions precluding SKAT from disclosing their terms to defendants unilaterally. As such, SKAT has requested that the settling parties agree that SKAT may disclose the relevant terms of their respective agreement to defendants' counsel, such that SKAT can provide detail on how it calculated the credits.

<u>Fifth</u>, defendants' request that the Court require SKAT to "make periodic disclosures . . . concerning the amount it has recovered relating to the damages at issue" puts the cart before the horse. (Defs. Ltr. at 3.) The Court should not impose any such obligation on SKAT, especially before defendants have made any efforts to satisfy the forthcoming judgments against them. *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-CV-1590-LTS, 2024 WL 2701537, at *3 (S.D.N.Y. May 24, 2024) ("the Court sees little reason to order on Avon's behalf an accounting of Universitas' collection efforts thus far. . . . when Avon as judgment debtor has sat on its hands for almost six years").

<u>Sixth</u>, the seeming "discrepancy between the relief sought by SKAT in the joint pretrial order and the total recovery reflected in its proposed judgments," (Feb. 19 Order ¶ 2.c), is because the relief set forth in the pretrial order, *i.e*, $289,243,000.00 against Mr. Markowitz and $284,727,000.00 against Mr. van Merkensteijn, includes amounts for which they are jointly and severally liable.[7] There is also a minor discrepancy because SKAT converted to U.S. dollars the amounts set forth in the pretrial order shortly before it was filed, while the amounts set forth in its proposed judgments were converted using the February 12, 2025 exchange rate.

<u>Finally</u>, SKAT is prepared to discuss with the Court at the upcoming conference the form of its proposed judgments, including whether they can be revised by "segregating amounts for which any two or more particular defendants are jointly and severally liable," the "appropriate course of action with respect to" § 15-108, and the status of the Klugman settlement papers. (Feb. 19 Order ¶¶ 2.b, d & f.)

---

7. The joint pretrial order attributed the entire claimed damages amount to each of Mr. Markowitz and Mr. van Merkensteijn for those actions in which SKAT sought joint and several liability against both for its fraud claims. These are the damages claimed in the following cases: *Skatteforvaltningen v. Michelle Investments Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01906-LAK (S.D.N.Y.); *Skatteforvaltningen v. Remece Investments LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01911-LAK (S.D.N.Y.); *Skatteforvaltningen v. Xiphias LLC Pension Plan, John van Merkensteijn, and Richard Markowitz*, Case No. 19-cv-01924-LAK (S.D.N.Y.); *Skatteforvaltningen v. John van Merkensteijn, Richard Markowitz, Bernina Pension Plan Trust, RJM Capital Pension Plan Trust, 2321 Capital Pension Plan, Bowline Management Pension Plan, Clove Pension Plan, Davin Investments Pension Plan, Delvian LLC Pension Plan, DFL Investments Pension Plan, Laegeler Asset Management Pension Plan, Lion Advisory Inc. Pension Plan, Mill River Capital Management Pension Plan, Next Level Pension Plan, Rajan Investments LLC Pension Plan, Spirit on the Water Pension Plan, and Traden Investments Pension Plan*, Case No. 19-cv-10713-LAK (S.D.N.Y.).

        Respectfully submitted,

        /s/ Marc A. Weinstein
        Marc A. Weinstein

cc: all counsel of record (via ECF)